UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
LARRY PORTER,

                                  Plaintiff,

   -v.-                                                9:04-CV-0708
                                                             (LEK)(RFT)

JOE WOLCZYK, *et al.,*

                                  Defendants.
--------------------------------------------------------------------------------

**APPEARANCES:**                               **OF COUNSEL:**

LARRY PORTER
Plaintiff, *pro se*
88-A-4542
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

HON. ELIOT SPITZER                      JAMES SEAMAN, ESQ.
Office of the Attorney General           Assistant Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

RANDOLPH F. TREECE, MAGISTRATE JUDGE

## ORDER

     Presently before the Court for is a Motion to Compel Discovery filed by *pro se* Plaintiff Larry Porter. Dkt No. 28. The Defendants have filed opposition to this Motion. Dkt. No. 30.

     Initially, the Court notes that the Motion fails to comply with the Rules of Practice for the Northern District of New York as Plaintiff did not attach copies of his original discovery demands to the Motion.[1] Rather, Plaintiff submitted a document entitled "Motion to Compel,"

---

[1] Rule 26.2 of the Local Rules of Practice for the Northern District of New York provides in relevant part that, "[a]ny motion pursuant to Fed. R. Civ. P. 37 shall be accompanied by the discovery materials to which the motion relates if those materials have not previously been filed with the Court."

dated June 20, 2005, that demands a response to "paragraphs 1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 22, 23 contained on Plaintiff Discovery Demanded: Dated of (25-March-2005.)" Dkt. No. 28. In a document, entitled "Affidavit," dated August 8, 2005, Plaintiff alleges that the Defendants failed to or inadequately respond to "Discovery Demanded Dated 25-March-2005, 6, 13, 31-May-2005." *Id*. Plaintiff's Motion papers also contain copies of letters addressed to Defendants' counsel requesting responses to Plaintiff's discovery demands. These letters are dated May 6, 2005, May 13, 2005 and May 31, 2005. *Id*.

Assistant Attorney General (AAG) James Seaman, Esq., Defendants' counsel, has advised the Court that the Motion papers served on counsel are not the same papers as were filed with this Court as to Plaintiff's Motion to Compel. *See* Dkt. No. 30, James Seaman, Esq., Affirm. at ¶ 2, Ex. A.[2] Plaintiff's failure to serve Defendants' counsel with a **complete copy** of this Motion is, standing alone, sufficient reason for this Court to deny Plaintiff's Motion.

Defendants also assert that this Motion should be denied due to Plaintiff's failure to confer with counsel prior to bringing this Motion. Seaman Affirm. at ¶ 7. In his Affirmation, AAG Seaman argues that "[i]t is submitted that merely sending a follow-up letter stating that the demand is proper without any explanation as to why it is a proper demand does not constitute a 'good faith' demand as required under the Federal Rules of Civil Procedure. The motion should be denied for failure to provide a 'good faith' demand for the materials sought." *Id*. Defendants further argue that their Responses to Plaintiff's discovery demands are proper. *See* Seaman

---

[2] Attached to AAG Seaman's Affirmation as Exhibit A are the two pages he was served with. One is a document entitled "Affidavit" notarized on August 8, 2005, and the other is an Affidavit of Service notarized on August 8, 2005. *See* Seaman Affirm., Ex. A. These two pages appear to be two of the eleven pages filed with the Court by Plaintiff comprising of his Motion to Compel. AAG Seaman affirms that only these two pages were served upon him.

Affirm. at ¶¶ 5-6 & 8.[3]

First, Defendants' argument with respect to Plaintiff's alleged failure to confer in good faith is, viewed in its best light, disingenuous.  It is undisputed that Plaintiff served his first discovery demands as early as March 25, 2005.  It is also clear that the Motion to Compel deadline had been set by this Court for July 30, 2005, and later extended, at Plaintiff's request, to August 30, 2005.  *See* Dkt. No. 19, Pretrial Scheduling Order, dated Dec. 21, 2004, & Dkt. No. 27.  As of August 30, 2005, Defendants had not responded to *any* of Plaintiff's discovery demands.  Thus, Plaintiff's letters simply demanding responses were entirely appropriate.  Until Defendants served their responses on September 6, 2005, Plaintiff had no responses to confer with counsel over.  Rather, Plaintiff was simply trying to compel an initial response to his discovery demands.  Plaintiff filed this Motion on August 10, 2005, in accordance with this Court's prior Orders.  We should also put this matter in a more reasonable context.  The *pro se* Plaintiff, who is also incarcerated, with limited access to resources and facilities, should not be held to the same standard as expected of an attorney.  Such was not contemplated by the Local Rules.

On September 6, 2005, Defendants filed and served their Response to Plaintiff's Motion to Compel.  Though reply papers are not permitted with non-dispositive motions, such as a motion to compel, a party may request permission from the court to file a reply.  N.D.N.Y.L.R. 7.1(b)(2).  Plaintiff has not requested permission to file a reply in order to address Defendants' assertions that counsel was not served with a full set of Motion papers.  Moreover, since

---

[3] Defendants provided the Court with their responses to "Discovery Demanded" dated March 25, 2005 and May 6, 2005.  *See* Seaman Affirm, Exs. B & C.

September 6, 2005, Plaintiff has not indicated to the Court whether he believes that the September 6, 2005 responses fail to fully respond to Plaintiff's discovery requests. Therefore, Plaintiff's Motion to Compel responses to his discovery demands must be **denied** as moot. *See, e.g., Johnson v. Schmidt*, 1992 WL 135237, at *1 (E.D.N.Y. May 28, 1992) (denying motion to compel filed by inmate as moot where defendants had already responded to interrogatories and requests for production).

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion to Compel Discovery (Dkt. No. 28) is DENIED; and it is further

ORDERED, that the dispositive motion filing deadline is set for **May 1, 2006**; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Date:   January 25, 2006
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge